IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


CHARLES EDWARD NELSON, JR.                                          PLAINTIFF

v.                                    Civil No. 6:22-cv-06092-SOH-BAB

JAIL ADMINISTRATOR JOSH                                          DEFENDANTS
WALDRON, MENDY M. JOHNS, RICK
LOY, and RUSSELL URSHREY


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

Currently before the Court is a Motion to Stay Proceedings Pending Criminal Disposition

by Defendants Waldron, Loy, and Urshery.[1]  (ECF No. 17).  As grounds for the motion,

Defendants state Plaintiff is currently incarcerated pending a criminal trial in Clark County Circuit

Court, *State of Arkansas v. Charles Edward Nelson*, Case No.CR-22-153.  They note the criminal

proceedings underlying this case and the state criminal case are intertwined, and request this case

be stayed pursuant to the *Younger* doctrine.

It is a settled principle of comity that state courts should be allowed to exercise their

functions without interference from the federal courts, particularly where a state criminal trial is

pending. *Hicks v. Miranda*, 422 U.S. 332 (1975).  In *Younger v. Harris*, 401 U.S. 37, 54 (1971),

the Court held that absent extraordinary circumstances, federal courts should not interfere with

---

[1] Service to Defendant Johns is still in progress.

state criminal prosecutions. The *Younger* abstention doctrine applies "if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

Here, Plaintiff was charged with sexual assault in the second degree in *State of Arkansas v. Charles Edward Nelson*, Case No.CR-22-153. The Court has confirmed that this case is still pending, and Plaintiff is represented by a public defender. Plaintiff's claim that he was arrested without probable cause for sexual assault and is being unlawfully detained for that charge is related to the issues that may arise in the ongoing state criminal case. Plaintiff does not contend that he cannot raise these claims in his criminal case.

Plaintiff has not identified any extraordinary circumstances that suggest this Court should interfere with the ongoing state criminal case. The state clearly has an important interest in enforcing its criminal laws. There are important interests in allowing state courts to administer their own cases. There is no reason Plaintiff cannot raise his federal claims in the state criminal case.

*Younger* abstention applies and the Court should not interfere with Plaintiff's state court criminal proceeding.

Accordingly, it is recommended that:

1. Defendants' Motion to Stay Proceedings Pending Criminal Disposition (ECF No. 17) be **GRANTED**, and this case be **STAYED** pending the resolution of Plaintiff's pending state criminal case.

2. The Clerk be **DIRECTED** to administratively terminate this case for the duration of the stay.

3.  Plaintiff be **ORDERED** to immediately notify the Court when the state court case is dismissed, Plaintiff is acquitted, or Plaintiff's conviction becomes final.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **31st day of October 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE