IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES EDWARD NELSON, JR.                                                PLAINTIFF

v.                              Civil No. 6:22-CV-06092-SOH-BAB

JAIL ADMINISTRATOR JOSH (Clark
County Detention Center); WALDRON,
MENDY M. JOHNS (A.C.C. Officer); RICK
LOY (A.C.C. Officer), RUSSELL URSHREY
(C.I.D. Officer)                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is the status of Plaintiff's re-opened case.

Plaintiff filed his case on August 23, 2022. (ECF No. 1). He alleged he was arrested without probable cause for sexual assault and was being unlawfully detained for that charge. (ECF No. 1, 19). On December 19, 2022, Plaintiff's case was stayed and administratively terminated pursuant to the *Younger* abstention doctrine pending resolution of his state criminal case, *State of Arkansas v. Charles Edward Nelson*, Case No. 10CR-22-153. (ECF No. 22).

Plaintiff filed his Motion to Reopen on November 20, 2023. (ECF No. 33). It was referred to the undersigned on February 1, 2024. (ECF No. 34). On February 7, 2024, the Court granted Plaintiff's Motion to Reopen, and directed him to advise the Court if he sought to appeal any portion of his state criminal case or pursue any post-conviction relief. (ECF No. 36). When Plaintiff failed to do so by the deadline, the Court entered a Show Cause Order on March 7, 2024,

1

directing Plaintiff to Show Cause for his Failure to obey the Court's Order by March 28, 2024. (ECF No. 37). Plaintiff filed his Notice on March 28. 2024. (ECF No. 38). In his Notice, Plaintiff states that "there will be no appeal on my behalf because as I wrote previously, I took a plea of a lesser charge and now it's done. . . ." (*Id*.). Review of Plaintiff's case in Arkansas CourtConnect indicates Plaintiff plead guilty, the case is closed, and there is no record of an appeal.[1] Plaintiff makes no mention of seeking any other post-conviction relief.

Plaintiff's claims in this case are now barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. Here, Plaintiff plead guilty in *State of Arkansas v. Charles Edward Nelson*, Case No.10CR-22-153. He has not alleged that the case has been reversed, expunged, declared invalid, or called into question under a federal writ of *habeas corpus*. Thus, his claims are *Heck*-barred.

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[1] Last accessed May 3, 2024.

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **8th day of May 2024**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE